■ In the Matter of the Claim of JENNIFER DOMENICO, Appellant, v UNITED WAY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 756]—

Peters, J.P.

Claimant, formerly an employee of United Way, submitted a claim for workers' compensation benefits after injuring her hand and wrist while performing her duties as a bookkeeper. She was found to have a compensable partial disability but, when issues subsequently arose regarding permanency and the degree of her disability, United Way and its workers' compensation carrier (hereinafter collectively referred to as the employer) and claimant were directed to produce medical evidence relating to permanency and loss of use. The employer thereafter submit-

---

ted an independent medical examination, but claimant did not. At a July 2008 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) again directed claimant to provide medical evidence, on or before October 14, 2008, if she wished to controvert that provided by the employer, and also directed the employer to respond to claimant's requests for travel reimbursements. The WCLJ noted as much in the resulting decision and continued the case. Claimant appealed that decision to the Workers' Compensation Board, requesting that her case be assigned to a different WCLJ and/or transferred to a different district and arguing that the WCLJ improperly continued her case. The Board rejected claimant's arguments and affirmed the WCLJ's decision, prompting this appeal.

We affirm. We are unpersuaded that the Board erred in declining to transfer claimant's case to a different WCLJ or to another district. Workers' Compensation Law § 20 (1) provides, in pertinent part, that a claim shall continue before the same WCLJ until a final determination awarding or denying compensation, "except in the absence, inability or disqualification to act of such [WCLJ], or for other good cause." A review of the record reveals that claimant was at all times treated fairly and, although she lived out of state for much of the pendency of the proceedings, the WCLJ consistently took steps to accommodate her. Contrary to claimant's suggestions, nothing in the record reveals that any proceedings were held ex parte or that there was any bias on the part of the WCLJ. Claimant also argues that the hearing transcripts were edited outside of her presence; however, each is certified as to its accuracy and claimant has offered nothing to support her assertions that the transcripts do not reflect what transpired at the hearings. In short, we find no reason to disturb the Board's finding that claimant failed to provide a legitimate basis for transferring this matter to another WCLJ or a different district.

Claimant's remaining contentions are either not properly before us or have been found to be without merit.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.