Matter of De La Cruz v Aufiero Painting Indus. Inc. (2020 NY Slip Op 04216)





Matter of De La Cruz v Aufiero Painting Indus. Inc.


2020 NY Slip Op 04216


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

529896

[*1]In the Matter of the Claim of Juan De La Cruz, Appellant,
v
Aufiero Painting Industries Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Ginarte Gallardo Gonzalez & Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Vecchione, Vecchione, Connors, Cano LLP, Garden City Park (Brian M. Anson of counsel), for Aufiero Painting Industries Inc. and another, respondents.



Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 23, 2018, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed February 11, 2019, which denied claimant's request for full Board review.
Claimant, who was performing taping and spackling work for the employer, submitted a claim for workers' compensation benefits, asserting that he had hurt his back in an unwitnessed scaffolding accident. The employer and its workers' compensation carrier controverted the claim. Following a hearing and review of medical treatment records, the Workers' Compensation Law Judge, finding claimant's description of the nature of the accident to be inconsistent, ruled that he did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits. By decision filed August 23, 2018, the Workers' Compensation Board, with one Board member dissenting, affirmed the Workers' Compensation Law Judge's decision. Thereafter, the Board, by decision filed February 11, 2019, denied claimant's request for mandatory full Board review, finding that the application was untimely. Claimant appeals from both Board decisions.
We affirm. In order for an accidental injury to be compensable under the Workers' Compensation Law, a claimant bears the burden of demonstrating that the accidental injury arose out of and in the course of his or her employment (see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]; Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018]; see also Workers' Compensation Law § 2 [7]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018] [internal quotation marks and citations omitted]; accord Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1853-1854 [2019]).
Claimant submitted a claim for workers' compensation benefits indicating that, on July 21, 2017, he injured his lower back when he fell backward while moving a scaffold. At his annual physical examination on July 26, 2017, the physician assistant noted that claimant complained of lower back pain for four days, but the examination revealed no swelling or redness in joints or any muscle weakness, and claimant denied any direct trauma. The following day, claimant was taken to the emergency room by ambulance. The notes in the emergency room report reflect that claimant reported a history of chronic lower back pain, as well as a "height-level fall" six days prior at work wherein he was "carrying a heavy object when he slipped and fell, landing on his buttocks." In text messages from claimant to his supervisor, sent a few days after the alleged incident, claimant stated that he had strained his muscle while on the scaffold. Thereafter, at the workers' compensation hearing, claimant testified that, while working on a scaffold 8 to 12-feet high, he slipped and fell to the floor. He testified that he did not immediately report the accident to the employer because he thought his condition would improve. Claimant also testified that he experienced prior back pain while working with the same employer two years earlier but did not file any accident report. A review of the medical records from the employer's medical consultant, however, reflect that claimant reported falling from a scaffold, but denied any prior history of back injury. Further, the initial evaluation form from claimant's physical therapist indicates a history of chronic back pain.
The Board's decision is based upon its assessment of claimant's credibility, which it found unreliable given the inconsistencies as to the mechanism of injury and history of prior back pain. A review of the Board's decision belies claimant's contention that the Board misread or ignored material information, including medical records and claimant's lack of proficiency in English, in assessing claimant's credibility. Deferring to the Board's credibility determination, we find that substantial evidence supports the Board's decision that claimant did not demonstrate that the injury arose out of and in the course of his employment and, therefore, it will not be disturbed (see Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1860 [2019], lv denied 34 NY3d 904 [2019]; Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1394 [2019]). To the extent that claimant contends that the Board fashioned its own medical opinion with regard to claimant's injury, we find this to be without merit. Finally, we are unpersuaded that the Board abused its discretion in denying claimant's untimely request for mandatory full Board review (see Workers' Compensation Law § 23), notwithstanding the proffered excuse for the delay.
Egan Jr., J.P., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.