Matter of Gaspard v Queens Party Hall Inc. (2020 NY Slip Op 07652)





Matter of Gaspard v Queens Party Hall Inc.


2020 NY Slip Op 07652


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

531095

[*1]In the Matter of the Claim of Paul Gaspard, Appellant,
v
Queens Party Hall Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


John F. Clennan, Ronkonkoma, for appellant.



Egan Jr., J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 6, 2019, which ruled, among other things, that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed November 1, 2019, which denied claimant's request for reconsideration and/or full Board review.
On August 1, 2018, claimant, a maintenance worker for the employer, filed a claim for workers' compensation benefits alleging that, on June 17, 2018, he slipped and fell while descending stairs at work, injuring his hand, neck and back. The employer controverted the claim contending that claimant did not provide timely notice of the alleged accident and, further, that no compensable work-related accident occurred. Following a hearing, a Workers' Compensation Law Judge ruled, among other things, that claimant sustained a work-related injury and awarded claimant workers' compensation benefits. Upon administrative appeal, the Workers' Compensation Board reversed that decision finding that claimant failed to demonstrate that an accident occurred in the course of his employment. The Board denied claimant's subsequent request for reconsideration and/or full Board review. Claimant appeals both Board decisions.[FN1]
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018] [internal quotation marks and citations omitted]; see Matter of Pilacik v JACSA, LLC, 161 AD3d 1463, 1464 [2018]). "[A]n injury is compensable only where it 'aris[es] out of and in the course of the employment'" (Matter of Scriven v Davis Ulmer Sprinkler Co., 183 AD3d 1098, 1099 [2020], quoting Workers' Compensation Law § 10 [1]; see Matter of Huggins v Masterclass Masonry, 83 AD3d 1345, 1346 [2011]), which is the claimant's burden to demonstrate (see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330 [2020]; Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [2017]).
The record reflects that claimant did not seek medical treatment for his injuries until a month after the alleged June 17, 2018 accident. Further, a review of the medical records from claimant's initial medical evaluations at the Harlem Hospital Center, on July 17, 2018, and Jamaica Hospital Medical Center, on July 23, 2018, make no reference to any work-related accident as the cause of his injuries. Although claimant testified that the employer's owner was present when he allegedly fell down the stairs and sustained the injuries, the owner refuted that testimony, which created a credibility issue for the Board to resolve (see Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1860 [2019], lv denied 34 NY3d 904 [2019]; Matter of Aldea v Damari Installations [*2]Corp., 172 AD3d 1852, 1854 [2019]; Matter of Fedor-Leo v Broome County Sheriff's Dept., 305 AD2d 760, 761 [2003]). Claimant presented no further evidence to establish that the alleged accident, in fact, occurred at work. According deference to the Board's credibility determinations, we find that substantial evidence supports the Board's finding that the evidence presented by claimant was insufficient to demonstrate that an accident occurred in the course of his employment (see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d at 1331; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358). Contrary to claimant's contention, the presumption embodied in Workers' Compensation Law § 21 is inapplicable inasmuch as such presumption cannot be used to relieve claimant of his burden of demonstrating that an accident, in fact, occurred nor does it completely satisfy claimant's burden of demonstrating that the accident arose out of and in the course of employment (see Matter of Aldea v Damari Installations Corp., 172 AD3d at 1853; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1357; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]). Claimant's remaining contentions have been reviewed and are without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant does not address the denial of his application for reconsideration and/or full Board review in his brief and, therefore, we deem his appeal from that decision to be abandoned (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1360 [2018], lv denied32 NY3d 914 [2019]).