Matter of Richards v Allied Universal Sec. (2021 NY Slip Op 06408)





Matter of Richards v Allied Universal Sec.


2021 NY Slip Op 06408


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

531945
[*1]In the Matter of the Claim of Alroy Richards, Appellant,
v
Allied Universal Security, Also Known as FJC Security Services, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Alroy Richards, Valley Stream, appellant pro se.
Goldberg Segalla LLP, Buffalo (Cory A. DeCresenza of counsel), for Allied Universal Security and another, respondents.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Brian M. Anson of counsel), for Hillside Manor Rehabilitation and another, respondents.



Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 11, 2020, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed July 23, 2020, which denied claimant's request for reconsideration and/or full Board review.
Claimant worked for a company that provided security services to clients and was assigned as a security officer at a nursing home between April 2017 and June 2017, where, on April 28, 2017, he began experiencing pain while moving oxygen tanks. He ceased working for the employer in June 2017 and filed a claim for workers' compensation benefits in July 2018. As is relevant here, disputes arose over whether a compensable accident had occurred and, if it had, whether claimant notified his employer of his injuries in a timely manner (see Workers' Compensation Law § 18). Following extensive proceedings, a Workers' Compensation Law Judge ruled that claimant had not provided timely notice and disallowed his claim. By decision filed May 11, 2020, the Workers' Compensation Board affirmed upon the ground that claimant had not sustained an accidental injury arising out of and in the course of employment. Claimant appeals from that decision, as well as a subsequent one denying his application for reconsideration and/or full Board review.[FN1]
We affirm. "In order for an accidental injury to be compensable under the Workers' Compensation Law, a claimant bears the burden of demonstrating that the accidental injury arose out of and in the course of his or her employment" (Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330 [2020] [citations omitted]; see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880 [2020], lv denied 36 NY3d 912 [2021]; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321 [2018]). The question of whether a compensable accident occurred is a factual issue for the Board to resolve, and its determination will not be disturbed if supported by substantial evidence in the record (see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d at 1880; Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d at 1330-1331).
Although claimant testified that he developed symptoms in April 2017 after moving heavy oxygen tanks around the nursing home, the Board found his account to be implausible given the purported weight of the tanks and declined to credit it. The Board cited other reasons to be skeptical of claimant's account as well, observing that he failed to seek medical treatment or apply for workers' compensation benefits until over a year after the alleged accident and crediting proof that he did not report the alleged accident or his injuries to his employer and the nursing home. Further, two of claimant's treating physicians could not draw a causal link between his physical problems and his employment, and [*2]the Board declined to credit the conflicting opinion of a physician who first saw claimant over two years after the alleged accident and who relied upon a version of events that varied from that provided in claimant's hearing testimony. We accord deference to the Board's credibility determinations and, having done so, conclude that the foregoing constitutes substantial evidence for its finding that the proof "presented by claimant was insufficient to demonstrate that an accident occurred in the course of his employment" (Matter of Gaspard v Queens Party Hall Inc., 189 AD3d at 1881; see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018]; Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010], lv dismissed 16 NY3d 780 [2011]).
Turning to the denial of claimant's application for reconsideration and/or full Board review, we are unpersuaded by his argument regarding the Board panel that considered it given the lack of any "evidence in the record of bias or any other reason that necessitated assignment of the matter to a different" panel (Matter of Kaplan v New York City Tr. Auth., 178 AD3d 1262, 1263 [2019]; see Workers' Compensation Law § 142 [2]). Claimant's remaining contentions, to the extent that they are properly before us, have been examined and lack merit.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant's notice of appeal from the May 2020 Board decision references an incorrect date of filing but, in the absence of any claim of prejudice, we will disregard that error and reach the merits of his appeal (see CPLR 5520 [c]; Matter of Morales v Lopez, 192 AD3d 1298, 1299 n [2021]). We will also disregard his suggestion that he is appealing from the underlying decision of the Workers' Compensation Law Judge, as that decision is not referenced in his notices of appeal and "[a] direct appeal [from such a decision] is specifically proscribed by" Workers' Compensation Law § 23 (Matter of Dingman v General Fibre Box Co., 35 AD2d 682, 682 [1970]).