Matter of Moore v U.S. Xpress, Inc. (2022 NY Slip Op 00091)





Matter of Moore v U.S. Xpress, Inc.


2022 NY Slip Op 00091


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532233
[*1]In the Matter of the Claim of Jerry Wayne Moore, Appellant,
v
U.S. Xpress, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Jerry W. Moore, Buffalo, appellant pro se.
Law Offices of Destin C. Santacrose, Buffalo (Thomas G. Glynn of counsel), for U.S. Xpress, Inc. and another, respondents.



Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 13, 2020, which, among other things, ruled that claimant's injury did not arise out of and in the course of his employment, and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed October 7, 2020, which denied claimant's request for reconsideration and/or full Board review.
On October 26, 2015, claimant was employed as a truck driver for the employer when he allegedly sustained an injury to his back. Claimant later underwent emergency surgery to his thoracic spine in February 2016 after he experienced certain symptoms that had started that morning. Claimant filed a claim for workers' compensation benefits, alleging that his back injury was sustained when he was "about to exit" the truck assigned to him in the course of his vehicle maintenance responsibilities. The employer and its workers' compensation carrier controverted the claim, raising the issue of causation, among other things. Following multiple hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim and the Workers' Compensation Board affirmed, by decision filed August 13, 2020, finding that claimant's injury did not arise out of and in the course of his employment. Claimant filed an application for reconsideration and/or full Board review, which the Board denied. Claimant appeals from both decisions.
An injury is compensable only where it "aris[es] out of and in the course of the employment" (Workers' Compensation Law §§ 2 [7]; 10 [1]; see Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). This factual determination is "within the province of the Board and such decision will not be disturbed if supported by substantial evidence" (Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [2018]; see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330-1331 [2020]).
At the hearing, claimant testified that, while unloading his truck on October 15, 2015, he lifted a heavy box from above his head and "felt a sharp pain in [his] back" as he turned his body and lowered the box. He admitted, however, that the pain subsided and he continued to manually unload his truck thereafter and did not report the incident to the employer that day. In fact, claimant worked for four more days until taking time off for personal reasons. Upon returning to work on October 25, 2015, he experienced pain at night but the next morning "the pain subsided again [and] went away for the most part." Later that morning, claimant was unable to exit his assigned vehicle because his pain had suddenly increased and he could no longer drive. Claimant reported his injury to the employer and did not return to work thereafter, despite being cleared to do so by a medical provider in December 2015. An account supervisor for the employer testified that claimant reported an injury to her in October 2015 and was [*2]thereafter suspended for a non-work-related injury. She recalled that, when asked, claimant indicated that he had not been injured at work and needed a few days off to address an ongoing issue with his back. Notably, claimant's discharge summaries from physical therapy that he received from November through December 2015 indicate that his pain was located in the low back and lumbar region, rather than the upper back or thoracic spine.
The medical notes of the physician assistant who first treated claimant's back pain in November 2015 were admitted at the hearing. Therein, it was noted that claimant's pain had started when he "rolled over in bed on 10/24/15" and that he "[d]enie[d] any work injuries." According to the medical notes related to a follow-up appointment in December 2015, claimant reported that "his back pain [was] totally resolved" and that he "[felt] ok to resume work as [a] truck driver." The physician assistant issued a note in late December 2015 indicating that claimant was in "good physical condition and [could] return to work full duty."
Claimant's neurosurgeon testified that claimant's emergency thoracic spinal laminectomy and decompression surgery in February 2016 was necessitated by the presence of an abscess on claimant's spinal cord. He opined that claimant's thoracic abscess was likely caused by an infection, rather than trauma. He further testified that, although claimant's employment duties of repetitively lifting heavy boxes "may have indirectly contributed" to his injury, he explained that "there's no way to specifically know when [the abscess] started or how it started." He could not opine with any degree of certainty the "source" of claimant's injury.
Another neurosurgeon who supervised certain follow-up medical examinations of claimant testified that he could not say whether claimant's injury was causally related to his work. As to the type of injury suffered by claimant, this neurosurgeon explained that, although it was "certainly possible," it is "very unlikely" that routine or repetitive lifting, even of heavy items, would result in a thoracic spine injury. In view of the forgoing, substantial evidence supports the Board's determination that claimant's injuries did not arise out of and in the course of his employment and, thus, were not compensable (see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1881 [2020], lv denied 36 NY3d 912 [2021]; Matter of Wen Liu v Division of Gen. Internal Medicine, Mount Sinai Sch. of Medicine, 186 AD3d 1770, 1771-1772 [2020], lv denied 36 NY3d 904 [2020]; Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377-1378 [2016]).
We are unpersuaded by claimant's contention that he was improperly denied the opportunity to call the physician assistant as a witness or to request further documentation. In this regard, the physician assistant's medical notes pertaining to his limited treatment of claimant were already filed with the Board and indicate no relationship [*3]between claimant's back injury and his employment. Claimant failed to specify what additional information he expected to elicit on the issue of causation. Under these circumstances, the WCLJ did not err in determining that the physician assistant's testimony was unnecessary (see Matter of Carlineo v Snelling & Snelling, LLC, 90 AD3d 1288, 1289 [2011]; Matter of Sang Hwan Park v Lee, 53 AD3d 936, 937 [2008]). As to claimant's assertion that the WCLJ was biased against him, nothing in the record supports his allegations (see Matter of Domenico v United Way, 69 AD3d 1061, 1062 [2010], lv dismissed 14 NY3d 793 [2010]; Matter of Feeney v Island Cable Constr., 6 AD3d 927, 929 [2004]).
Turning to claimant's application for reconsideration and/or full Board review, he was required "to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]). As claimant failed to allege or set forth any newly discovered evidence, and the record reflects that the Board fully considered the issues raised, we find no abuse of discretion in the denial of claimant's application (see Matter of Washington v Human Tech., 170 AD3d 1349, 1351 [2019]; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1111 [2018], lv denied 33 NY3d 901 [2019]; Matter of Kalkbrenner v Accord Corp., 123 AD3d 1303, 1304 [2014]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.