Matter of Anthony v AB HILL Enters., LLC (2022 NY Slip Op 03777)

Matter of Anthony v AB HILL Enters., LLC

2022 NY Slip Op 03777

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

529802
[*1]In the Matter of the Claim of Sandra Anthony, Claimant,
v
AB HILL Enterprises, LLC, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Schaefer Law Group, PC, Smithtown (Wayne J. Schaefer of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 7, 2019, which ruled, among other things, that claimant was an employee of AB Hill Enterprises, LLC.
Claimant injured her right wrist in a fall while taping drywall at a construction site and subsequently filed a claim for workers' compensation benefits, naming AB Hill Enterprises, LLC as her employer. During a hearing, the owner of AB Hill testified that she had entered into a verbal agreement with Dani's Builders — the general contractor on the construction project — to provide carpenters, tapers and painters for the project in exchange for $500,000. A Workers' Compensation Law Judge (hereinafter WCLJ) ultimately established the claim and determined that an employer-employee relationship existed between claimant and AB Hill. The WCLJ determined that, because AB Hill did not have workers' compensation coverage, Dani's Builders, as the general contractor, was responsible for the payment of claimant's workers' compensation awards (see Workers' Compensation Law § 56). The WCLJ also imposed a $5,000 penalty against AB Hill for failing to secure workers' compensation insurance during the period that claimant was employed (see Workers' Compensation Law §§ 26-a [2] [b]; 50). Upon review, the Workers' Compensation Board affirmed, prompting this appeal by AB Hill.[FN1]
AB Hill argues that, during the period in question, it was not a contractor within the meaning of the Construction Industry Fair Play Act (see Labor Law art 25-B) and that, therefore, the Board erred in finding that it was claimant's employer, subject to the obligation to maintain workers' compensation insurance. The Construction Industry Fair Play Act, which "was enacted as a measure to curb widespread abuses in the construction industry stemming from the misclassification of workers as independent contractors" (Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d 1373, 1374 [2017]; see Labor Law § 861-a), creates a statutory presumption that "[a]ny person performing services for a contractor shall be classified as an employee unless" that person is demonstrated to be an independent contractor or a separate business entity (Labor Law § 861-c [1]; see Matter of Fleetwood Drywall Inc. [Commissioner of Labor], 201 AD3d 1059, 1061 [2022]). Under the Construction Industry Fair Play Act, the term "contractor" includes both "a general contractor and a subcontractor" and is defined as "any sole proprietor, partnership, firm, corporation, limited liability company, association or other legal entity permitted by law to do business within the state who engages in construction as defined in [Labor Law article 25-B]" (Labor Law § 861-b [2], [3]).[FN2] The term "employer" is defined as "any contractor that employs individuals deemed employees under" Labor Law article 25-B (Labor Law § 861-b [6]).
AB Hill reasons that it is not a contractor because it does not meet the criteria to be classified as a separate [*2]business entity. According to AB Hill, to be deemed a contractor, classification as a separate business entity is required by Labor Law § 861-c (5), which provides that a "separate business entity will be considered a contractor." AB Hill's argument suffers from several flaws. A plain reading of Labor Law § 861-c makes clear that, in assessing whether the presumption is rebutted, the relevant inquiry is whether the construction worker is an independent contractor or a separate business entity; the statute does not, as AB Hill argues, contemplate an assessment as to whether the purported employer/contractor is an independent contractor or a separate business entity (see Labor Law § 861-c [1], [2]). Moreover, the term "contractor" is expressly defined in Labor Law article 25-B. To ignore this definition and instead apply the narrow definition urged by AB Hill — that is, that one must be a separate business entity within the meaning of the Construction Industry Fair Play Act to be considered a contractor — would be to reject the natural and obvious meaning of the statute in favor of an artificial or forced construction (see Statutes § 94). Accordingly, we reject AB Hill's assertion that the determination as to whether it is a contractor should hinge on whether it is a "separate business entity" under Labor Law § 861-c (2).
We therefore turn to the question of whether substantial evidence supports the determination that AB Hill qualifies as a contractor and, thus, an employer under the Construction Industry Fair Play Act (see Labor Law § 861-b [3], [6]). The undisputed record evidence reflects that AB Hill entered into an agreement with Dani's Builders to subcontract carpentry, taping and painting work at the construction site. AB Hill hired workers, including claimant, and provided them with the necessary tools, including drills, saws, paint, tape and paint machines.[FN3] AB Hill had a supervisor on site overseeing the work and its owner visited the site to pay the workers each week in cash. Considering the foregoing, we find that substantial evidence supports the Board's finding that AB Hill was a subcontractor that hired claimant to perform construction work on the project, so as to meet the definition of a contractor and employer under the Construction Industry Fair Play Act (see Labor Law § 861-b [2], [3], [6]). Inasmuch as AB Hill does not argue, nor does the record reflect, that claimant met the statutory criteria to be classified as an independent contractor or a separate business entity, so as to rebut the statutory presumption of an employer-employee relationship, we will not disturb the Board's decision that claimant was an employee of AB Hill at the time of her injury (see generally Matter of Fleetwood Drywall Inc. [Commissioner of Labor], 201 AD3d at 1063; Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d at 1377). Accordingly, the Board properly assessed a penalty against AB Hill for not securing workers' compensation [*3]coverage for claimant's period of employment (see Workers' Compensation Law § 26-a [2] [b]; Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017]).
Pritzker, Colangelo, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although the notice of appeal references an incorrect date of filing of the Board's decision, in the absence of any claim of prejudice we will disregard the error and address the merits of the appeal (see CPLR 5520 [c]; Matter of Richards v Allied Universal Sec., 199 AD3d 1207, 1208 n [2021], lv denied ___ NY3d ___ [Apr. 26, 2022]).

Footnote 2: "'Construction' means constructing, reconstructing, altering, maintaining, moving, rehabilitating, repairing, renovating or demolition of any building, structure, or improvement, or relating to the excavation of or other development or improvement to land" (Labor Law § 861-b [1]).

Footnote 3: Dani's Builders provided sheetrock and metal framing.