Matter of Galdon v Robert Basil Inc. (2023 NY Slip Op 00709)

Matter of Galdon v Robert Basil Inc.

2023 NY Slip Op 00709

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

534917
[*1]In the Matter of the Claim of John Galdon, Claimant,
v
Robert Basil Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ. 

Hamberger & Weiss LLP, Buffalo (John A. Terzulli of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed August 25, 2021, which ruled, among other things, that claimant sustained a compensable injury and awarded workers' compensation benefits.
Claimant, an autobody technician, filed a claim for workers' compensation benefits alleging that he sustained a work-related injury to his back on February 29, 2020. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, arguing, among other things, that claimant failed to provide timely notice of the accident. Following a hearing, a Workers' Compensation Law Judge found that there was sufficient credible evidence to establish accident, notice and causal relationship with regards to claimant's injury and awarded workers' compensation benefits. Upon review, the Workers' Compensation Board affirmed, and the carrier appeals.
Initially, the carrier contends that claimant's failure to give timely written notice of his injury bars his claim for benefits. "Failure to provide timely written notice of an accident to an employer pursuant to Workers' Compensation Law § 18 generally bars the claim unless the Board excuses that failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced" (Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1105 [3d Dept 2018]). It is undisputed that claimant did not provide timely written notice to the employer. Claimant testified, however, that he verbally informed the assistant manager of the accidental injury either the day of the accident or on March 2, 2020, his next scheduled work day. Although the assistant manager testified that she was not informed of claimant's injury until June 2020, the Board credited claimant's testimony and, "inasmuch as resolution of the sufficiency of a claimant's oral notice is a matter within the exclusive province of the Board, substantial evidence supports a finding that claimant provided adequate notice of the accident" (Matter of Pilacik v JACSA, LLC, 161 AD3d 1463, 1464 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Rankin v Half Hollow Hills Cent. Sch. Dist., 105 AD3d 1242, 1242-1243 [3d Dept 2013]).
Regarding the establishment of the claim, "whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880 [3d Dept 2020], lv denied 36 NY3d 912 [2021]). "[A]n injury is compensable only where it 'arises out of and in the course of the employment' [*2]" (Matter of Scriven v Davis Ulmer Sprinkler Co., 183 AD3d 1098, 1099 [3d Dept 2020] [brackets omitted], quoting Workers' Compensation Law § 10 [1]; accord Matter of Gaspard v Queens Party Hall Inc., 189 AD3d at 1881).
Claimant testified that he was at work lifting tires onto a board in order to paint the rims when he felt a pain in his lower back that went down to his left leg. According to claimant, he left work shortly thereafter that day and informed the assistant manager of the injury but did not miss any other time and continued working until he was furloughed at the end of March 2020 due to the COVID-19 pandemic. Claimant further testified that he was in pain during the time he was working after the accident and that the pain worsened while he was home during the furlough. Claimant sought medical attention in May 2020 when his left leg gave out while climbing stairs at home. Michael Stoffman, claimant's treating neurosurgeon, diagnosed a large disc herniation with severe compression of the nerve roots. According to Stoffman, the injury and the worsening of pain symptoms over time was consistent with claimant's report of the February 2020 accident and he opined that the injury was causally related to that accident. Richard Kanoff, a neurosurgeon who examined claimant on behalf of the carrier, similarly opined that claimant's condition was causally related to the February 2020 accident. Insofar as "the Board maintains broad authority to make credibility determinations, to draw reasonable inferences from the record evidence and to serve as the sole arbiter of witness credibility" (Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1416 [3d Dept 2022]), substantial evidence supports the Board's finding that claimant's injury was causally related to his employment (see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d at 1292; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1323 [3d Dept 2018]). To the extent not specifically addressed, the carrier's remaining contentions are without merit.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.