Matter of Shmulsky v Hudson Headwaters Health Network, Inc. (2024 NY Slip Op 06400)

Matter of Shmulsky v Hudson Headwaters Health Network, Inc.

2024 NY Slip Op 06400

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-1324
[*1]In the Matter of the Claim of Katherine Shmulsky, Appellant,
v
Hudson Headwaters Health Network, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Luke R. Tarantino of counsel), for Hudson Headwaters Health Network, Inc. and another, respondents.

Fisher, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 17, 2023, which ruled that claimant did not sustain a causally-related injury and disallowed the claim for workers' compensation benefits, and (2) from a decision of said Board, filed August 30, 2023, which denied claimant's application for reconsideration and/or full Board review.
Claimant worked for the employer, a network of health care centers, as its Director of Population Health Programs and Quality. In December 2020, claimant received the first dose of a vaccination series against the novel coronavirus known as COVID-19, to which she experienced both immediate and later adverse reactions. Claimant subsequently filed a claim for workers' compensation benefits for various injuries that she alleged were incurred from receiving the COVID-19 vaccine. Various proceedings ensued and, following a hearing at which testimony was taken, a Workers' Compensation Law Judge established the claim for dysautonomia due to COVID-19 vaccination and set claimant's average weekly wage. The Board reversed that decision upon administrative appeal, finding that claimant failed to demonstrate that her injuries were causally-related to her employment. Claimant's ensuing application for reconsideration and/or full Board review was denied, and claimant now appeals from both Board decisions.
"In order for an accidental injury to be compensable under the Workers' Compensation Law, a claimant bears the burden of demonstrating that the accidental injury arose out of and in the course of his or her employment" (Matter of Richards v Allied Universal Sec., 199 AD3d 1207, 1208 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 905 [2022]; see Workers' Compensation Law §§ 2 [7]; 10 [1]; Matter of Pernice v Harlan Elec. Co., 217 AD3d 1027, 1028 [3d Dept 2023]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1251 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1083 [3d Dept 2022], lv denied 38 NY3d 1029 [2022]).
It is undisputed that the employer notified its employees of opportunities to receive the COVID-19 vaccine and encouraged them to do so. Although the employer offered to arrange for vaccinations at its facilities for those employees who were interested, it did not do so automatically. The hearing testimony and supporting documentation further established that the employer did not require its employees, including claimant, to receive the COVID-19 vaccine in the relevant time period. Claimant further admitted that she was unaware of any employees being discharged or reprimanded for declining to be vaccinated, and the Board credited the employer's witness who testified that there were no repercussions [*2]for employees who did not opt to receive the vaccine at that time. There is no indication that claimant was otherwise required to receive the vaccine as a result of her employment. In view of the foregoing, substantial evidence supports the Board's determination that claimant failed to establish that her injuries, sustained as a result of an adverse reaction to the COVID-19 vaccine, arose out of and in the course of her employment (see Matter of Stabel v Westinghouse Elec. Corp., 79 AD2d 842, 842 [3d Dept 1980]; Matter of Sanders v Children's Aid Socy., 238 App Div 746, 747, 749-750 [3d Dept 1933], affd 262 NY 655 [1933]; see also Matter of Anderson v City of Yonkers, 227 AD3d 63, 67-68 [3d Dept 2024]; compare Matter of Pettit v Scipio Volunteer Fire Dist., 95 AD3d 1545, 1546 [3d Dept 2012]). Accordingly, and as we are unpersuaded that the Board failed to consider the evidence and issues properly before it, we further find that the Board's denial of claimant's application for reconsideration and/or full Board review was neither arbitrary and capricious nor an abuse of discretion (see Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d 1336, 1337-1338 [3d Dept 2024], lv dismissed ___ NY3d ___ [Nov. 26, 2024]; Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1083-1084 [3d Dept 2022]). Claimant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be unavailing.
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.