Matter of Herrera v Tempo Carpentry LLC (2025 NY Slip Op 05556)

Matter of Herrera v Tempo Carpentry LLC

2025 NY Slip Op 05556

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

CV-24-0583
[*1]In the Matter of the Claim of Jekson Herrera, Respondent,
v
Tempo Carpentry LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for appellants.
William Schwitzer & Associates, PC, New York City (Brian J. Isaac of Pollack, Pollack, Isaac & De Cicco, LLP, New York City, of counsel), for Jekson Herrera, respondent.

Pritzker, J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 20, 2024, which ruled, among other things, that claimant sustained causally-related injuries to his neck, back, right shoulder, right elbow, right hip and right knee.
Claimant filed a claim for workers' compensation benefits alleging that he sustained injuries to his neck, back, right shoulder, right elbow, right hip and right ankle after falling off a ladder at work on August 23, 2022. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim. At an April 17, 2023 appearance, the Workers' Compensation Law Judge (hereinafter WCLJ) reminded the parties that the case had been transferred to a special part for expedited hearings (see Workers' Compensation Law § 25 [3] [d]). The carrier informed the WCLJ that it intended to call claimant's foreperson as a witness at the hearing and the WCLJ set June 30, 2023 as the date of the expedited hearing. On June 28, 2023, the carrier advised the WCLJ that the foreperson was leaving on a trip the next day and would be unavailable to testify at the hearing and requested to be provided another opportunity for him to testify. At the hearing, the WCLJ denied the request and ultimately established the claim for injuries to claimant's neck, back, right shoulder, right elbow, right hip and right knee. Upon administrative appeal, the Workers' Compensation Board affirmed the WCLJ's decision, and the carrier appeals.
We affirm. Initially, we reject the carrier's contention that the WCLJ abused his discretion by denying the carrier's request that it be granted additional time to present the testimony of claimant's foreperson. As part of the expedited hearing process, if a party's witness does not appear at the hearing, the party "shall have waived the right to have the witness testify . . . unless the party makes a showing of good cause that he or she should be granted additional time, and that he or she acted with good faith and due diligence" (12 NYCRR 300.38 [h] [1] [ii]). The record reflects that there were 74 days between the April 17, 2023 appearance when the parties were informed of the date of the expedited hearing and the June 30, 2023 hearing. In its affirmation requesting additional time, submitted two days before the hearing, the carrier did not provide any information regarding the reason or timing of the foreperson's trip in support of the request, nor did it provide any such information at the hearing. Under these circumstances, given that the expedited hearing process "necessitates that the matter be resolved within a certain time frame" (Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [3d Dept 2019]; see Workers' Compensation Law § 25 [3] [d]; 12 NYCRR 300.34, 300.38 [h]), we find that it was not an abuse of discretion of the WCLJ to preclude the foreperson's testimony (see Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3dat 1763).
As to the [*2]merits of the claim, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 912 [2021]; accord Matter of Galdon v Robert Basil Inc., 213 AD3d 1063, 1064-1065 [3d Dept 2023]). "In this regard, the claimant bears the burden of establishing that the subject injury arose out of and in the course of his or her employment and, further, must demonstrate, by competent medical evidence, the existence of a causal connection between his or her injury and his or her employment" (Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022]). The Board, in turn, "has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Arce v Shear Constr., LLC, 232 AD3d 1022, 1023 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Bonitto v Vivid Mech. LLC, 231 AD3d 1222, 1223 [3d Dept 2024]).
Claimant testified that he was putting up sheetrock on August 23, 2022 when he fell off a ladder. According to claimant, he reported to the employer's on-site medical treatment area and informed the medic that he had just fallen off a ladder and complained of pain in his right shoulder. The medic applied ice to the shoulder and claimant did not return to work. On August 29, 2022, claimant went to the hospital complaining of acute right shoulder pain. On September 21, 2022, Ari Lerner, a physician who specializes in anesthesia and pain management, began treating claimant, who reported injuries to his neck, back, right shoulder, elbow, hip and ankle due to falling off a ladder at work. Based upon his examinations and review of MRIs, Lerner diagnosed claimant with sprain/strain of the cervical paraspinal musculature, sprain of the lumbar spine, fascia and lower back tendons, traumatic arthropathy, contusion and impingement of the right shoulder, contusion of the right elbow and right hip, and traumatic arthroscopy and contusion of the right ankle, and opined that these injuries were causally-related to claimant's fall at work. Orthopedic surgeon Steven Touliopoulos examined claimant in November 2022, reporting that claimant stated that he fell off a ladder at work and injured his neck, back, right shoulder, elbow, hip and knee. Touliopoulos testified that he did not examine claimant's neck or back but he did diagnose claimant with right shoulder partial rotator cuff tear, SLAP lesion, Bankart lesion with shoulder instability and impingement syndrome, right elbow sprain, right hip sprain and right knee sprain with ligamentous insufficiency. According to Touliopoulos[*3], based upon a lack of symptoms prior to the August 2022 incident and a lack of history of injury to these areas prior to his fall at work, claimant's injuries are causally-related to the fall.[FN1]
In contrast, orthopedic surgeon John Killian, who examined claimant on behalf of the carrier, found no causally-related injuries. Killian based his opinion on the fact that the medic's report from the day of the incident indicates that claimant reported tripping over a tool and injuring his left shoulder, as well as the employer's incident investigation report that similarly refers to claimant tripping and injuring the left shoulder.[FN2] Killian also found no objective medical evidence supporting claimant's subjective complaints, finding no clinical significance to claimant's MRI results. Despite evidence in the record that claimant gave inconsistent accounts of the accident and resulting injury, the Board "considered the inconsistency and credited claimant's hearing testimony — a credibility determination that lies solely within the province of the Board" (Matter of Arce v Shear Constr., LLC, 232 AD3d at 1023; see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d at 1291). Further, given the Board's "authority to resolve conflicting medical opinions and to draw reasonable inferences from record evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1060 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1131 [3d Dept 2023]), the Board was entitled to credit the opinions of Lerner and Touliopoulos over that of Killian. Therefore, there is substantial evidence supporting its determination that claimant suffered causally-related injuries to his neck, back, right shoulder, right elbow, right hip and right knee and it will not be disturbed (see Matter of Aungst v Family Dollar, 221 AD3d 1222, 1226-1227 [3d Dept 2023], lv granted 41 NY3d 908 [2024]; Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1494 [3d Dept 2017], affd 30 NY3d 990 [2017]).
Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although claimant did not list a right knee injury on the C-3 form he completed a week after the incident, Touliopoulos testified that this did not change his opinion that the injury was causally-related, explaining that claimant suffered a significant back injury with numbness down the right leg that could have initially masked the injury to the knee.

Footnote 2: The medic testified that, as noted in his report, claimant informed him that he injured his left shoulder when he tripped over a tool. During his testimony, claimant denied informing the medic or the employer that he tripped over a tool and injured his left shoulder. The hospital records from claimant's visit a week after the accident indicate that he reported a right shoulder injury and his other medical records indicate he similarly reported a right shoulder injury during subsequent examinations by medical providers.