Matter of Holder v Office for People with Dev. Disabilities (2023 NY Slip Op 02156)

Matter of Holder v Office for People with Dev. Disabilities

2023 NY Slip Op 02156

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

534936
[*1]In the Matter of the Claim of Mariela Holder, Appellant,
v
Office for People with Developmental Disabilities et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Fine, Olin & Anderman, LLP, New York City (Vincent Rossillo of counsel), for appellant.
Stockton, Barker & Mead, LLP, Troy (Emily A. Gray of counsel), for Office for People with Developmental Disabilities and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed January 6, 2022, which ruled that decedent's death was not causally-related to his employment and denied claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) worked as a house manager for the employer when he began experiencing symptoms associated with COVID-19 during a scheduled vacation day on March 13, 2020. Decedent, who had last worked on March 11, 2020, was later admitted to a hospital and, ultimately, passed away on March 29, 2020. His death certificate identifies the immediate cause of death as "COVID-19." Claimant thereafter filed a claim for workers' compensation death benefits in July 2020, alleging that decedent's death was the result of his contracting COVID-19 during his employment. The employer and its workers' compensation carrier, the State Insurance Fund, controverted the claim. Following a hearing at which testimony was taken, a Workers' Compensation Law Judge established the death benefits claim, finding that decedent's death was causally-related to his employment. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that there was insufficient evidence to conclude that COVID-19 was prevalent in decedent's work environment prior to the onset of his symptoms. Claimant appeals.
Initially, we reiterate that "the contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). Nevertheless, whether a compensable accident has occurred is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence (see Matter of Pierre v ABF Frgt., 211 AD3d at 1285; Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415 [3d Dept 2022]). To this end, "the claimant bears the burden of establishing that the subject injury arose out of and in the course of his or her employment" (Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]; see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330 [3d Dept 2020]). According to guidance issued by the Board and its related decisions involving claims stemming from the contraction of COVID-19, a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event; for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection (see Employer: Southern [*2]Glazer's Wine, 2022 WL 4397485, *6, 2022 NY Wrk Comp LEXIS G2335750, *___ [WCB No. G233 5750, Sept. 20, 2022]; Employer: Long Island DDSO, 2022 WL 594590, *5, 2022 NY Wrk Comp LEXIS 933, *12-13 [WCB No. G233 5526, Feb. 16, 2022]; Employer: Manhattan Psychiatric Center, 2021 WL 5748736, *5, 2021 NY Wrk Comp LEXIS 5600, *11 [WCB No. G281 3814, Nov. 29, 2021]; Employer: DOCCS Edgecombe Cor Facility, 2020 WL 7231882, *3-4, 2020 NY Wrk Comp LEXIS 15519, *9-10 [WCB No. G271 8395, Dec. 1, 2020]; COVID-19 & Workers' Compensation Q & A [June 2020], available at http://www.wcb.ny.gov/covid-19/information-workers.jsp#faqs).
Claimant offered no evidence or testimony of decedent's specific exposure to COVID-19 in his workplace. Further, no evidence was presented indicating any cases of COVID-19 among those living or working in the group home where decedent was house manager, or among other employees with whom decedent may have had contact, prior to or contemporaneous with his onset of symptoms. In fact, the employer's witness testified that decedent was the first known COVID-19 infection in his workplace. Although another worker at the same group home later contracted COVID-19 and succumbed to the disease, the employer's witness testified that the other worker tested positive two weeks after decedent's positive test. Moreover, claimant did not know the extent to which, if at all, decedent personally interacted with others at the group home where he worked. In view of the foregoing, substantial evidence supports the Board's conclusion that claimant failed to meet her burden to demonstrate that decedent contracted COVID-19 in the course of his employment (see Workers' Compensation Law § 2 [7]; Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1881 [3d Dept 2020], lv denied 36 NY3d 912 [2021]; Employer: DOCCS Edgecombe Cor Facility, 2020 WL 7231882, *3-4, 2020 NY Wrk Comp LEXIS 15519, *9; compare Employer: All Metro Healthcare Aids Inc., 2022 WL 1125058, *3-5, 2022 NY Wrk Comp LEXIS 1982, *8-10 [WCB No. G233 6997, April 6, 2022]; Employer: Long Island DDSO, 2022 WL 594590, *5, 2022 NY Wrk Comp LEXIS 933, *13-14; Employer: Manhattan Psychiatric Center, 2021 WL 5748736, *5, 2021 NY Wrk Comp LEXIS 5600, *12-13; see generally Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 137 [1975]; Matter of McDonough v Whitney Point Cent. School, 15 AD2d 191, 191-192 [1961]). Accordingly, the decision disallowing the claim will not be disturbed. We reject claimant's contention that the Board's decision was arbitrary and capricious for failing to follow its own precedent, as the cases cited in support of this argument are factually distinguishable (see Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [3d Dept 2018]). Claimant's remaining contentions, to the extent not explicitly addressed herein, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision [*3]is affirmed, without costs.