Matter of Leonard v David's Bridal, Inc. (2024 NY Slip Op 00837)

Matter of Leonard v David's Bridal, Inc.

2024 NY Slip Op 00837

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0298
[*1]In the Matter of the Claim of Gayle Leonard, Claimant,
v
David's Bridal, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed February 1, 2023, which ruled, among other things, that claimant sustained an accidental injury arising out of and in the course of her employment.
Claimant, an alteration seamstress for the employer, a bridal shop, filed claims for workers' compensation benefits alleging that she contracted COVID-19 after exposure to the coronavirus at work. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending that claimant did not sustain a causally-related injury or illness in the course of or arising out of her employment. Following hearings and submission of medical evidence and testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for occupationally contracted COVID-19 on March 8, 2021, the date claimant tested positive for COVID-19. Upon administrative appeal, the Workers' Compensation Board held that although the evidence did not demonstrate the prevalence of COVID-19 in claimant's workplace, she demonstrated a specific exposure to COVID-19 in the workplace through interactions and overlapping shifts with a coworker who tested positive for COVID-19 so as to establish her claim. The Board concluded that claimant had thus demonstrated that she contracted COVID-19 in the course of her employment and was entitled to the presumption of compensability under Workers' Compensation Law § 21, i.e., that the accident arose out of her employment, which the carrier, having waived the right to obtain an independent medical exam of claimant, failed to rebut. The carrier appeals.[FN1]
We affirm. "Initially, the contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Aungst v Family Dollar, 221 AD3d 1222, 1223 [3d Dept 2023]; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023]; see also Workers' Compensation Law § 2 [7]). Nonetheless, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination in this regard will not be disturbed where supported by substantial evidence," and claimant must "establish that the subject injury arose out of and in the course of the employment and, further, . . . [through] competent medical evidence, the existence of a causal connection between the injury and the employment" (Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; accord Matter of Aungst v Family Dollar, 221 AD3d at 1223-1224; see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202). "According to guidance issued [*2]by the Board and its related decisions involving claims stemming from the contraction of COVID-19, a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202 [citations omitted]; see Matter of Aungst v Family Dollar, 221 AD3d at 1224). However, "a claimant need not pinpoint the exact date on which the incident[, i.e., exposure,] occurred" (Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023] [internal quotation marks and citations omitted]).
Claimant testified, and the workplace timecards for the first week of March 2021 established, that she worked on March 3 and 4, 2021 during shifts that overlapped with her coworker, C.B., a front-end consultant. C.B. further testified that she began experiencing symptoms on March 2, 2021, worked overlapping shifts with claimant on the next two days while feeling ill, and then tested positive for COVID-19 on March 5. Claimant began experiencing symptoms on March 7 and, after being directed by her supervisor to test because others in the shop were sick, she tested positive for COVID-19 on March 8 and did not thereafter return to work. Although claimant worked in the back of the shop on alterations and had relatively limited contact with coworkers and customers, she and C.B. testified that claimant was called upon to provide advice, to consult with customers or front-end consultants and to work the register; in that capacity, she had contact with up to 12 coworkers, including C.B., and members of the public, and had further contact with coworkers in the break room and bathroom. The employer had a mask policy and other protocols in effect for employees and customers, but it was often not followed. Claimant's illness progressed over the 10 days following her positive test and she was ultimately hospitalized. Upon admission to the hospital, she was diagnosed with and treated for acute hypoxemic respiratory failure in the setting of COVID-19 pneumonia attributable to COVID-19, she remained oxygen dependent and unable to work and was receiving ongoing treatment for its after effects at the time of the January 2022 hearing.
Given the foregoing testimony, substantial evidence supports the Board's determination that claimant sustained a work-related injury by contracting COVID-19 in the course of her employment due to specific exposure to COVID-19 in the workplace (see Matter of Aungst v Family Dollar, 221 AD3d at 1225-1226; Matter of Flores v Millennium Servs., LLC, 215 AD3d at 1147; compare Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203).[FN2] Further, the Board correctly employed the presumption provided by Workers' Compensation Law § 21 (1), "that an accident that occurs in the course of employment also arises out of that employment" (Matter [*3]of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1661 [internal quotation marks and citation omitted]). Claimant's treating pulmonary and critical care physician testified that, assuming the facts as claimant and the lay witness testified, which the Board credited, there was a "strong probability" that claimant contracted COVID-19 in the workplace, and the carrier did not submit contrary testimony negating a causal relationship (see Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 133 [1975]). Although the medical providers could not offer a conclusive medical opinion as to where claimant contracted COVID-19 so as to establish a causal connection between her contraction of COVID-19 and her employment, the testimony credited by the Board combined with the statutory presumption sufficiently established that she contracted COVID-19 at work from a coworker, and the medical providers' testimony established that her injuries were the result of, and arose out of, contracting COVID-19 (see Matter of Aungst v Family Dollar, 221 AD3d at 1225-1226). As such, substantial evidence supports the Board's determination that claimant established a causal connection between her injury and her employment, which the carrier failed to rebut (see Matter of Flores v Millennium Servs., LLC, 215 AD3d at 1147; accord Matter of Aungst v Family Dollar, 221 AD3d at 1226; see also Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1163; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202). To the extent that the carrier's remaining contentions are properly before us, we have considered them and find them to be without merit.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant did not submit a brief on appeal.

Footnote 2: Although the WCLJ had concluded that claimant demonstrated that she contracted COVID-19 at work and thus her injury arose in the course of employment by demonstrating prevalence of COVID-19 in the work environment, the Board found that she had not demonstrated prevalence but had shown specific exposure to COVID-19 in the workplace.