Matter of Fernandez v New York City Tr. Auth. (2024 NY Slip Op 00838)

Matter of Fernandez v New York City Tr. Auth.

2024 NY Slip Op 00838

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0309
[*1]In the Matter of the Claim of Brenda Fernandez, Appellant,
v
New York City Transit Authority, Respondent, Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Savino & Smollar, PC, New York City (Valerie Malloy of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed September 21, 2022, which ruled that decedent's death was not causally-related to his employment and denied claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) was a track inspector for the employer and, in that capacity, was charged with inspecting miles of subway tracks each day. In March 2020, decedent tested positive for COVID-19. Although decedent ultimately was cleared to return to work in July 2020, he did not do so and, instead, filed a claim for workers' compensation benefits that same month. Decedent died in November 2020 — purportedly as the result of cardiac arrest and a pulmonary embolism — and claimant thereafter filed a claim for death benefits. Following a hearing and the depositions of certain medical providers, a Workers' Compensation Law Judge found, among other things, that decedent had sustained a COVID-19 work-related injury and set decedent's average weekly wage. Upon administrative review, the Workers' Compensation Board modified and disallowed the claim. This appeal by claimant ensued.
As recent decisions of this Court make clear, "the contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023]; Matter of Aungst v Family Dollar, 221 AD3d 1222, 1223 [3d Dept 2023]; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023]). That said, whether a compensable accident has occurred is a question of fact for the Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed (see Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415 [3d Dept 2022]; Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1251 [3d Dept 2022]). Notably, it is the claimant who "bears the burden of establishing that the subject injury arose out of and in the course of his or her employment" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202 [internal quotation marks and citation omitted]; see Matter of Pierre v ABF Frgt., 211 AD3d at 1285). Consistent with guidance issued by the Board and its related administrative decisions (see e.g. Employer: Southern Glazer's Wine, 2022 WL 4397485, *6, 2022 NY Wrk Comp LEXIS G2335750 [WCB No. G233 5750, Sept 20, 2022]; Employer: Long Is. DDSO, 2022 WL 594590, *5, 2022 NY Wrk Comp LEXIS 933, *12-13 [WCB No. G233 5526, Feb. 16, 2022]; New York St Workers' Compensation Bd, COVID-19 & Workers' Compensation Q & A [June 2020], available at http://www.wcb.ny.gov/covid-19/information-workers.jsp#faqs), [*2]"a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event; for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202; accord Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1161; Matter of Aungst v Family Dollar, 221 AD3d at 1224). "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1161 [internal quotation marks and citations omitted]; see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [3d Dept 2018]).
Claimant testified that an unspecified number of decedent's coworkers also tested positive for COVID-19 at some undetermined point, but she was unable to provide any names, dates or other details from which it reasonably could be inferred that decedent contracted COVID-19 from one or more coworkers (compare Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1162). Claimant's testimony in this regard also was insufficient to establish that COVID-19 was prevalent in decedent's workplace (see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203; compare Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1162; Matter of Aungst v Family Dollar, 221 AD3d at 1225-1226; Matter of Pierre v ABF Frgt., 211 AD3d at 1285-1286). Although two of the physicians who were deposed theorized that decedent contracted COVID-19 in his workplace, both of those physicians candidly acknowledged that their opinions in this regard were based upon one or more unsubstantiated assumptions about decedent's work environment, i.e., that decedent worked in a "close" environment, was unable to engage in social distancing, was in regular contact with the general public and did not have access to personal protective equipment. To the contrary, claimant testified that decedent provided his own masks, gloves and hand sanitizer, and the record is devoid of any evidence that decedent's job as a subway track inspector required him to work in a contained environment that, in turn, brought him into regular contact with the public at large. Under these circumstances, substantial evidence supports the Board's finding that claimant failed to meet her burden of demonstrating that decedent contracted [*3]COVID-19 in the course of his employment (see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203). Accordingly, the Board's decision disallowing the underlying claim is affirmed. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.