Matter of Miller v Transdev Bus on Demand LLC (2024 NY Slip Op 05009)

Matter of Miller v Transdev Bus on Demand LLC

2024 NY Slip Op 05009

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0661
[*1]In the Matter of the Claim of Candace Miller, Respondent,
v
Transdev Bus on Demand LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Alissa P. Gardos of counsel), for Candace Miller, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Aarons, J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 10, 2023, which ruled that decedent's death was causally-related to his employment and granted claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) was a paratransit operator for the employer working nine hours a day, five days a week and averaging 10 to 15 trips each day. In that capacity, decedent transported passengers — often visibly ill — to and from medical appointments. Decedent last worked on March 19, 2020. The following day, decedent developed symptoms consistent with COVID-19 and sought medical treatment shortly thereafter. Decedent's symptoms worsened and, on March 24, 2020, he was admitted to a local hospital, where he tested positive for COVID-19. One week later, decedent died, and his cause of death was recorded as respiratory failure due to COVID-19.
Claimant filed an affidavit for death benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim contending, among other things, that decedent did not sustain a compensable accident. Following hearings and various depositions, a Workers' Compensation Law Judge established the claim and awarded benefits. The Workers' Compensation Board affirmed, prompting this appeal.
We affirm. "[T]he contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]; Matter of Leonard v David's Bridal, Inc., 224 AD3d 1063, 1064 [3d Dept 2024]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023]). "In this regard, the claimant bears the burden of establishing that the subject injury arose out of and in the course of his or her employment and, further, must demonstrate, by competent medical evidence, the existence of a causal connection between his or her injury and his or her employment" (Matter of Pierre v ABF Frgt., 211 AD3d at 1285 [internal quotation marks and citations omitted]; see Matter of Aungst v Family Dollar, 221 AD3d 1222, 1223-1224 [3d Dept 2023], lv granted 41 NY3d 908 [2024]).[FN1] Consistent with Board guidance and this Court's recent holdings, "a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence [*2]of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event; for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202; accord Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1067-1068; Matter of Aungst v Family Dollar, 221 AD3d at 1224; see Matter of Leonard v David's Bridal, 224 AD3d at 1064). As the sole arbiter of witness credibility, the Board "has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d 1071, 1074 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Sausto v Wildlife Conservation Socy., 208 AD3d 1565, 1567 [3d Dept 2022]).
Claimant testified that decedent informed her on many occasions — including the week before he became ill — that "people were coughing and sneezing . . . on the back of his head . . . all the time" and noted that the vehicle that decedent drove for work did not have any barriers between the front and rear seats. The employer's representative testified that drivers were provided with masks and face shields beginning in February 2020, and, although the company would not knowingly transport someone with COVID-19 symptoms or known exposures thereto, the employer's representative acknowledged that clients were not tested prior to transport. A notation in decedent's hospital record indicates — and the independent medical examiner who performed a review of those records testified — that decedent contracted COVID-19 from his pastor, but claimant testified without contradiction that decedent last saw his pastor on March 1, 2020. As noted previously, decedent became symptomatic on March 20, 2020 and tested positive on March 24, 2020 — well beyond the 2-to-14-day incubation period for a COVID-19 infection stemming from a March 1, 2020 exposure (see Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1163 [3d Dept 2023], lv dismissed 41 NY3d 976 [2024]).
In light of the foregoing, the Board found that "decedent was at an increased risk of exposure to COVID-19 in the course of his employment due to the public-facing nature of his work and his regular interactions with members of the public, in particular members of the public seeking medical attention." Acknowledging that claimant did not establish that decedent sustained a specific exposure to COVID-19, the Board — crediting claimant's testimony — concluded that claimant established the prevalence of COVID-19 in decedent's workplace, citing decedent's regular interactions with members of the public "who visibly displayed symptoms consistent with COVID-19" during a time and place when COVID-19 was prevalent in the community, thereby subjecting [*3]decedent to an elevated risk of exposure constituting an extraordinary event. Under these circumstances, substantial evidence supports the Board's finding that decedent's death on March 30, 2020 was causally-related to his contraction of COVID-19 in the workplace (cf. Matter of Aungst v Family Dollar, 221 AD3d at 1225-1226; compare Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068-1069; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203). The carrier's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, [the subject] employment" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068 [internal quotation marks and citations omitted]).