Matter of Rottkamp v New York Univ. (2024 NY Slip Op 05611)

Matter of Rottkamp v New York Univ.

2024 NY Slip Op 05611

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1251
[*1]In the Matter of the Claim of Romona Rottkamp, Appellant,
v
New York University et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for New York University and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed June 15, 2023, which ruled, among other things, that decedent's death was not causally-related to his employment and denied claimant's claim for workers' compensation death benefits.
Claimant's adult son (hereinafter decedent) was a refrigeration engineer for the self-insured employer. At all relevant times, decedent and his two minor children resided with claimant in her home, but decedent also maintained a small apartment nearby and would travel back and forth between the two residences. On Thursday, February 4, 2021, decedent came home from work feeling ill, and the following day decedent developed symptoms consistent with COVID-19. That weekend, decedent's children, who were attending school in-person, also displayed symptoms of COVID-19 and, on February 8, 2021, decedent and the children each tested positive for the virus. Claimant similarly tested positive for COVID-19 four days later. Decedent sought treatment from his family physician, and on February 22, 2021, tested negative for the virus and was cleared to return to work. During the early morning hours of February 23, 2021, decedent complained of a severe headache and later was found unresponsive in his apartment. Decedent was transported to a local hospital, where he died on March 4, 2021. Although decedent's attending physician classified decedent's death as a cardiac death, decedent's death certificate listed the cause of death as COVID-19.
Claimant, who has custody of decedent's children, filed this claim for death benefits alleging that decedent contracted COVID-19 at work and thereafter suffered a causally-related death. At the conclusion of the hearing that followed, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant failed to tender sufficient proof of a causally-related death. Upon claimant's administrative appeal, the Workers' Compensation Board modified the WCLJ's decision to the extent that the Board precluded consideration of the testimony offered by the employer's witness based upon the employer's failure to timely file its notice of controversy (see Workers' Compensation Law § 25 [2] [b]). The Board affirmed the balance of the WCLJ's decision, agreeing that "there [was] no credible evidence in the record that COVID-19 was prevalent in . . . decedent's work environment prior to the onset of his symptoms." This appeal by claimant ensued.
Although there is no question that "the contraction of COVID-19 in the workplace . . . is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of McLaurin v New York City Tr. Auth., 225 AD3d 1105, 1105 [3d Dept 2024]; Matter of Leonard v David's Bridal, Inc., 224 AD3d 1063, 1064 [3d Dept 2024]), "whether a compensable accident has occurred is a question of fact for the Board to resolve, and its determination [*2]in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]; see Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023], lv dismissed 41 NY3d 976 [2024]). Where, as here, it is alleged that the injured worker contracted COVID-19 at work, the claimant bears the burden of demonstrating either a specific exposure to COVID-19 or that COVID-19 was so prevalent in the work environment "as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1067; accord Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1161; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1202 [3d Dept 2023]; see Matter of Leonard v David's Bridal, Inc., 224 AD3d at 1064).[FN1]
Claimant neither alleged nor tendered proof that decedent suffered a specific exposure to COVID-19 at his place of work. As to the issue of prevalence, other than acknowledging that decedent was required to wear a mask at work, claimant was unable to provide any information regarding decedent's job description, work environment or degree of contact with the public and offered no proof regarding the rate of infection present in decedent's work environment (see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203). Rather, claimant relied upon decedent's admittedly hearsay statement to his treating physician that he "got [COVID-19] at work." Recognizing that decedent's statement required corroboration (see Workers' Compensation Law § 118), claimant turned to the testimony of decedent's treating physician, who purportedly possessed experience and insight into "the prevalence of infestation in the community and the likely source of the infections suffered by [his] patients."
Decedent's physician, however, did not know where decedent worked, the details of his position, the level of interaction that decedent had with his colleagues or the public or whether he was provided with any personal protection equipment. The physician also demonstrated no familiarity with the particular characteristics of decedent's work environment or the prevalence of infection therein and mistakenly believed that no one else in decedent's household was infected with COVID-19 during the same time period. Under these circumstances, we agree with the Board that decedent's hearsay statement was not sufficiently corroborated (compare Matter of Vaughan v Heritage Air Sys., Inc., 208 AD3d 1562, 1563-1564 [3d Dept 2022]; Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1072 [3d Dept 2017]), and we are similarly persuaded that claimant's proof as a whole fell short of establishing that COVID-19 was prevalent in decedent's work environment (compare Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068, with Matter of Aungst v Family Dollar[*3], 221 AD3d 1222, 1225-1226 [3d Dept 2023], lv granted 41 NY3d 908 [2024]). Notably, claimant acknowledged that, during the relevant time period, decedent and his children became symptomatic within a day or two of one another and tested positive for COVID-19 on the same day. As the Board's decision is supported by substantial evidence, it will not be disturbed. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, Pritzker, Lynch and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer's waiver of defenses did not relieve claimant of her obligation of establishing that decedent sustained a compensable injury in the first instance (see Matter of Love v Village of Pleasantville, 189 AD3d 1946, 1947 [3d Dept 2020], lv denied 37 NY3d 917 [2022]).