Matter of Martinez v Domino Foods, Inc. (2025 NY Slip Op 00129)

Matter of Martinez v Domino Foods, Inc.

2025 NY Slip Op 00129

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1320
[*1]In the Matter of the Claim of Victor Martinez, Claimant,
v
Domino Foods, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

O'Connell Zavelo LLC, Elizaville (Anne O'Connell Zavelo of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 20, 2023, which ruled, among other things, that claimant sustained an accidental injury arising out of and in the course of his employment, and (2) from a decision of said Board, filed August 24, 2023, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
After feeling ill for approximately two days, claimant, a pan boiler operator at a sugar factory, tested positive for COVID-19 on December 23, 2020 and subsequently filed a claim for workers' compensation benefits alleging that he "was exposed to COVID-19 while working closely with a known positive co-worker." Claimant initially was evaluated and discharged from a local hospital but, following an exacerbation of his symptoms, he was hospitalized again from December 28, 2020 to April 4, 2021. Claimant had applied for retirement in November 2020, prior to becoming ill, and retired at some point in February 2021.
The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim contending, among other things, that claimant did not sustain a compensable accident arising out of and in the course of his employment. Following hearings and the submission of medical evidence, testimony
and certain investigative reports, a Workers' Compensation Law Judge established the claim, finding that claimant met his burden of demonstrating that he contracted COVID-19 through his employment. Upon administrative review, and by decision filed June 20, 2023, the Workers' Compensation Board affirmed. The carrier's subsequent application for reconsideration and/or full Board review was denied, prompting these appeals.
Finding substantial evidence to support the Board's determinations, we affirm.
" '[T]he contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law' " (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023], quoting Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022]). "Nevertheless, whether a compensable accident has occurred is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202 [citations omitted]). " '[T]he claimant bears the burden of establishing that the subject injury arose out of and in the course of his or her employment' " (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202, quoting Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]), "and, further, must demonstrate, by competent medical evidence, the existence of a causal connection between his or her injury and his or her [*2]employment" (Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d 1257, 1258 [3d Dept 2024] [internal quotation marks and citations omitted]). In the COVID-19 context, a claimant may satisfy his or her burden to show that an injury arose in the course of employment "by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024] [internal quotation marks and citation omitted]; accord Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d at 1258-1259; see Matter of Pierre v ABF Frgt., 211 AD3d at 1285).
Here, the claim is premised upon a specific exposure to COVID-19 in the workplace. When asked during the hearing to identify the source of his exposure, claimant revealed that in the days prior to developing COVID-19 symptoms, he was in a facility elevator with two individuals — identified as Rambo and Mr. C. — and he "fist bumped" Rambo as they disembarked. Claimant revealed that he and Rambo changed in the same locker room, they used the same facility elevator to get there, and Rambo "was always . . . going [in]to the control room" at the facility. Claimant began experiencing COVID-19 symptoms a few days after this interaction. During the employer's contact-tracing efforts, it was discovered that one other employee who worked at the facility tested positive for COVID-19 around the same time as claimant — an individual referred to as "R.H.,"[FN1] who notified the employer of his positive test result a day before claimant became ill. Claimant was also aware of several other positive COVID-19 workers at the facility and, despite the employer's safety protocols, he confirmed that it was not possible to stay entirely socially distanced while at work, noting instances in which there were 40 to 50 workers in a shared locker room at the same time as him.
Claimant explained that, during the relevant time frame prior to contracting COVID-19, he was "very careful" in his outside interactions. He testified that he had not traveled outside of New York within six months prior to contracting COVID-19, had not attended any large gatherings in December 2020, had limited contact with family members — with the exception of his wife — in December 2020, went to the grocery store only a handful of times and generally went directly to and from work during this period (see Matter of Aungst v Family Dollar, 221 AD3d 1222, 1225 [3d Dept 2023], lv granted 41 NY3d 908 [2024]). Although claimant's wife also tested positive for COVID-19, she did so on the same date as claimant.
The Board based its finding of a compensable injury on claimant's direct contact with R.H. while at work — a factual finding that we will not disturbed if supported by substantial evidence (see Matter of Holder v Office for People v Dev. Disabilities, 215 AD3d at 1201-1202; Matter of Pierre v ABF [*3]Frgt., 211 AD3d at 1285). Although claimant did not specifically identify Rambo as R.H. during his testimony, the record supports the Board's conclusion that they were the same person given that claimant identified Rambo as the source of his exposure and the employer's records establish that R.H. was the only other employee to test positive for COVID-19 around the same time as claimant. In light of the evidence that claimant was in direct physical contact with this employee a few days before becoming ill, this employee tested positive for COVID-19 around the same time as claimant, and claimant had little to no contacts outside of work in the weeks prior to testing positive, the Board's finding that claimant contracted COVID-19 from a specific work exposure is supported by substantial evidence. Although the carrier presented certain evidence that, if credited, could have arguably supported a contrary conclusion, the Board credited claimant's testimony in this case — as was its prerogative — and the fact that a different finding might also have been reasonable does not vitiate the propriety of the Board's determination (see Matter Ghaffour v New York Black Car Operators, 224 AD3d 1021, 1023-1024 [3d Dept 2024]).
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Claimant was reluctant to identify specific coworkers whom he believed to have been infected with COVID-19 out of concern that, should such coworkers have failed to comply with the employer's policies, they would face reprisals. Accordingly, the coworkers were either identified off the record or referenced by their initials.