Matter of Angelo (Southwestern Cent. Sch.) (2025 NY Slip Op 05998)

Matter of Angelo (Southwestern Cent. Sch.)

2025 NY Slip Op 05998

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-0407

[*1]In the Matter of the Claim of Michael Angelo, Claimant,

Southwestern Central School et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Habberfield Kaszycki, LLP, Buffalo (Michael J. Menchini of counsel), for appellants.

Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Ceresia, J.

Appeal from a decision of the Workers' Compensation Board, filed January 30, 2024, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.

Claimant, a school custodian, filed a claim for workers' compensation benefits alleging that he contracted COVID-19 while at work. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim contending, among other things, that the alleged injury did not occur in the course of claimant's employment and that there was no causal relationship between such injury and employment. At the conclusion of the hearing that followed, a Workers' Compensation Law Judge disallowed the claim, finding that claimant failed to establish that he had direct contact with an infected coworker or that COVID-19 was prevalent in his work environment. Upon administrative review, the Workers' Compensation Board reversed, reasoning that claimant's public-facing job exposed him to an elevated risk of contracting COVID-19. This appeal by the carrier ensued.[FN1]

We acknowledge that "the contraction of COVID-19 in the workplace is compensable under the Workers' Compensation Law" (Matter of Rottkamp v New York Univ., 232 AD3d 1008, 1009 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted], lv denied 43 NY3d 902 [2025]; see Matter of Martinez v Domino Foods, Inc., 234 AD3d 1069, 1070 [3d Dept 2025]; Matter of Flores v Wellwood Cemetery Assoc. Inc., 232 AD3d 1003, 1003 [3d Dept 2024]), that the issue of whether a compensable accident has occurred is a question of fact for the Board to resolve and that the Board's findings in this regard, if supported by substantial evidence, will not be disturbed (see Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]; Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023], lv dismissed 41 NY3d 976 [2024]; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201-1202 [3d Dept 2023]). Additionally, our case law makes clear that where, as here, the injured claimant alleges that he or she contracted COVID-19 at work, such claimant "bears the burden of demonstrating either a specific exposure to COVID-19 or that COVID-19 was so prevalent in the work environment as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Rottkamp v New York Univ., 232 AD3d at 1010 [internal quotation marks and citation omitted]; see Matter of Martinez v Domino Foods, Inc., 234 AD3d at 1071; Matter of Flores v Wellwood Cemetery Assoc. Inc., 232 AD3d at 1003-1004); "for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202; accord Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1067-1068; Matter [*2]of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1161).

Claimant did not allege, the Board did not conclude and the record does not support a finding that claimant had a specific exposure to COVID-19; hence, the issue distills to whether substantial evidence supports the Board's finding that "claimant's job as a high school custodian was a public-facing job that significantly elevated his risk of exposure to COVID-19 via contact with students." In this regard, claimant testified that his scheduled shift ran from 1:30 p.m. to 10:00 p.m.; regular classes ended at 2:45 p.m., and students participating in sports remained at the school until 5:30 p.m. Although claimant's job included cleaning various areas of the school and picking up supplies, he acknowledged that his only contact with students would occur while he was mopping the hallways, at which time approximately 20 students would pass by him on their way to the locker rooms. During the relevant time frame, no other member of claimant's household tested positive for COVID-19, but claimant's then-spouse worked in-person and did the grocery shopping, her son attended sporting events three days each week and claimant attended church each week with approximately 40 other people. Claimant, who did not wear a mask during church services, testified that his fellow attendees "wouldn't have been [sitting] that close" to one another. The record is silent as to the rate of infection in either the school where claimant worked or the surrounding community.

Upon reviewing the record as a whole, we cannot say that the Board's decision is supported by substantial evidence. As a starting point, the record is devoid of proof that there was a high rate of infection present in claimant's work environment at the relevant point in time (compare Matter of Rottkamp v New York Univ., 232 AD3d at 1010, and Matter of Herrera v American Badge, Inc., 232 AD3d 958, 959-960 [3d Dept 2024], and Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203, with Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1163, and Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285-1286 [3d Dept 2022]). Further, claimant's brief encounters with a passing group of students in a corridor falls short of the degree of regular, consistent and close interaction with the public at large necessary to sustain a finding of prevalence (compare Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d 1257, 1259-1260 [3d Dept 2024]; Matter of Aungst v Family Dollar, 221 AD3d 1222, 1225-1226 [3d Dept 2023], lv granted 41 NY3d 908 [2024]). Finally, the record reflects that either claimant or members of his household engaged in other in-person pursuits during the relevant time period. Under these circumstances, the Board's finding that claimant's employment exposed him to an elevated risk of exposure to COVID-19 cannot stand. Accordingly, the Board's decision is reversed.

Clark, J.P., Aarons, Lynch and Fisher, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The carrier's subsequent application for reconsideration and/or full Board review was denied but is not at issue on this appeal.