Matter of Guna v Delta Airlines, Inc. (2022 NY Slip Op 00709)





Matter of Guna v Delta Airlines, Inc.


2022 NY Slip Op 00709


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

532909
[*1]In the Matter of the Claim of Stephanie Guna, Claimant,
v
Delta Airlines, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Cipriani & Werner, PC, Iselin, New Jersey (Marc Neuman of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed August 26, 2020, which ruled that claimant sustained a causally-related injury resulting from chemical exposure and established her claim for workers' compensation benefits.
In January 2020, claimant, a flight attendant for an airline, filed a workers' compensation claim alleging that she was exposed to chemicals in her work uniform, resulting in injuries related to the effects of chemical exposure, which included headaches, eye irritation and skin, upper respiratory and stomach problems. The claim was controverted on, among other grounds, the question of whether claimant's chemical exposure was causally related, and hearings and depositions ensued to address that issue. After considering the medical evidence and hearing testimony, a Workers' Compensation Law Judge determined that claimant had suffered a work-related injury of chemical exposure and established the claim. Upon administrative review, the Workers' Compensation Board affirmed, finding that the credible evidence in the record established that claimant suffered a causally-related injury involving chemical exposure, both directly through her own uniform and through proximal exposure to her coworkers' uniforms. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 909 [2020]; see Matter of Hanley v Trustees of Columbia Univ., 189 AD3d 1847, 1847 [2020]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an [alleged] injury and his or her employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [2021] [internal quotation marks and citations omitted]). "Moreover, the Board is vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation" (Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d 1310, 1311 [2018] [internal quotation marks and citations omitted]; see Matter of Hanley v Trustees of Columbia Univ., 189 AD3d at 1848).
Claimant testified that, prior to the issuance of her new uniform in May 2018, she had no allergies or any of the chemical-exposure symptoms that she quickly developed after first wearing the new uniform. Upon wearing the new uniform, claimant immediately experienced red rashes on her chest, and her skin itched everywhere. With continued use of the new uniform from May 2018 through June 2019, claimant's symptoms became progressively worse and included, among other things, skin rashes, watery and burning eyes, a cough, runny [*2]nose, tightness in her chest, difficulty breathing, heart palpitations and headaches.
In support of its finding that the new uniforms caused claimant's condition, the Board credited the opinion of Pamela Love, claimant's primary care physician, who first treated claimant in June 2019 and observed claimant's symptoms. Love opined that claimant's symptoms were caused by her exposure to the uniforms, based upon a physical examination of claimant, the specificity of claimant's reported medical history and symptoms and, significantly, the temporal onset and worsening of symptoms in relation to when, and for how long, claimant was exposed to the new uniforms. The Board further credited the medical opinion of George Piligian, a physician with formal training in toxicology, specializing in occupational medicine. Piligian examined claimant in January 2020 and February 2020 and concluded that claimant's chemical-exposure symptoms were caused by her exposure to the chemicals that coated the new uniforms. His opinion was predicated upon claimant's reported medical history and the timing of her symptoms. Piligian also explained that claimant continued to experience symptoms upon switching to her old uniform because she remained in close proximity to her colleagues who continued to wear the new uniforms. Piligian further stated that his opinion on causation was reinforced by the fact that he had examined about two dozen other flight attendants on different flights who were experiencing similar symptoms and who also wore the same chemically-treated uniforms. Piligian indicated that it was significant that, when he examined claimant in February 2020 after she had not worked for nearly a month, her condition was much improved, and she only presented with a few mild symptoms at that time. When Piligian reviewed and was subsequently questioned about a toxicology report that tested various chemicals in the new uniform and that found those chemicals to be at safe levels, Piligian discredited the report's findings because the test parameters were inconsistent with, and did not take into account, the actual and prolonged exposure to the new uniform that claimant experienced. In view of the foregoing, and according deference to the Board's assessments of credibility, substantial evidence in the record supports its decision despite the presence of proof that could support a contrary result (see Matter of Molina v Delta Airlines, Inc., ___ AD3d ___, ___, 2022 NY Slip Op 00238, *2 [2022]; Matter of Valdez v Delta Airlines, Inc., 197 AD3d 1382, 1383 [2021]). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.