Matter of McLaurin v New York City Tr. Auth. (2024 NY Slip Op 01750)

Matter of McLaurin v New York City Tr. Auth.

2024 NY Slip Op 01750

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

535434
[*1]In the Matter of the Claim of Kimberly McLaurin, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Jones Jones LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed April 16, 2022, which ruled, among other things, that claimant did not sustain a compensable injury and disallowed her claim for workers' compensation benefits.
Claimant, a train operator for the self-insured employer, filed a claim for workers' compensation benefits in June 2020, alleging that she contracted COVID-19 and suffered a consequential psychological injury as a result of her exposure to COVID-19 during the course of her employment. The employer and its workers' compensation carrier controverted the claim, contending that no accident occurred in the course of employment and that there was no causal relationship between the alleged injury and claimant's employment. Following hearings and the submission of medical deposition testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim for COVID-19 and consequential posttraumatic stress disorder and major depressive disorder, finding that there was insufficient credible medical evidence — either through a positive COVID-19 test or diagnosis from a medical provider — that claimant ever contracted COVID-19 during her employment. With regard to claimant's alternative claim alleging a direct psychological injury stemming from her exposure to COVID-19 at her workplace, the WCLJ disallowed such claim on the basis that claimant failed to demonstrate that the stress she was under was greater than that experienced by similarly situated workers during the pandemic. Upon administrative review, the Workers' Compensation Board affirmed. Claimant appeals.
As our recent decisions make clear, "the contraction of COVID-19 in the workplace . . . is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023]; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023]). That said, whether a compensable accident has occurred in the first instance "is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1201-1202 [citations omitted]; accord Matter of Aungst v Family Dollar, 221 AD3d 1222, 1223 [3d Dept 2023]; Matter of Pierre v ABF Frgt., 211 AD3d at 1285).
Claimant testified that she first left work due to COVID-19 symptoms on March 31, 2020, just days after three conductors with whom she had worked closely contracted COVID-19. She sought medical treatment roughly one week later, reporting symptoms of headaches, itchy throat and a fever. Although the medical records associated with the visit note a self-reported history of "exposure to COVID-19," such records reveal that the examination of claimant was normal in all respects [*2]and contain neither a diagnosis of COVID-19, nor any positive findings consistent with the virus. Moreover, a COVID-19 test performed on claimant during this same visit was inconclusive, and claimant testified that a subsequent antibody test came back negative. Claimant later returned to this same medical provider for a follow-up visit on April 22, 2020, at which time she reported being symptom free and was found suitable to return to work. Simply put, there is no medical evidence that claimant in fact contracted COVID-19 during the relevant time period. In the absence of such proof, and according deference to the Board's credibility assessments (see Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1131 [3d Dept 2023]; Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023]), substantial evidence supports the Board's determination that claimant failed to demonstrate that she contracted COVID-19, let alone that she did so in the course of her employment (see Workers' Compensation Law § 2 [7]; compare Matter of Aungst v Family Dollar, 221 AD3d at 1225; Matter of Pierre v ABF Frgt., 211 AD3d at 1285-1286). Because a claim for consequential injuries cannot be established without the establishment of an underlying work-related injury (see Matter of Atkinson v Joseph Baldwin Constr., 43 AD3d 1240, 1242 [3d Dept 2007]; Matter of Barre v Roofing & Flooring, 83 AD2d 681, 681 [3d Dept 1981]), the disallowance of claimant's claim for consequential posttraumatic stress disorder and major depressive disorder is likewise supported by substantial evidence.
Turning to claimant's alternative claim for psychological injury arising from the prevalence of COVID-19 in her workplace, we find, for the reasons stated in Matter of Anderson v City of Yonkers (___ AD3d ___ [3d Dept 2024] [decided herewith]), that the Board improperly applied a disparate burden in determining whether the psychological injuries alleged to have been sustained by claimant were caused by a workplace accident. The matter must therefore be remitted to the Board to determine, consistent with the guidance set forth in Matter of Anderson, whether claimant demonstrated "either a specific exposure to COVID-19 or the prevalence of COVID-19 in her work environment so as to present an elevated risk of exposure constituting an extraordinary event" and, if so, whether a causal connection exists between the alleged injury and the workplace accident (id. at ___).[FN1] Claimant's remaining contentions, to the extent not specifically addressed herein, have either been rendered academic in light of our determination or have been reviewed and found to be lacking in merit.
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although the Board, following its finding that a workplace accident had not occurred, appears to have made certain factual findings pertaining to the issue of causation, we find it prudent for the Board to reconsider the issue of causal relationship in light of the principles enunciated in Matter of Anderson.