Matter of Flores v Wellwood Cemetery Assoc. Inc. (2024 NY Slip Op 05609)

Matter of Flores v Wellwood Cemetery Assoc. Inc.

2024 NY Slip Op 05609

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-0790
[*1]In the Matter of the Claim of Edith Flores, Respondent,
v
Wellwood Cemetery Assoc. Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Jones Jones LLC, New York City (David S. Secemski of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Andra G. Fraiberg-Vetro of counsel), for Edith Flores, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed March 30, 2023, which ruled that decedent's death was causally-related to his employment and established claimant's claim for workers' compensation death benefits.
Claimant's spouse (hereinafter decedent) was a cemetery worker for the employer and, in that capacity, he was responsible for assisting with burials. Decedent passed away in April 2020, and the death certificate submitted by claimant indicates that his immediate cause of death was cardiopulmonary arrest resulting from COVID-19. Claimant thereafter filed a claim for workers' compensation death benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending, among other things, that the alleged injury did not occur in the course of claimant's employment. Following a hearing, a Workers' Compensation Law Judge established the death benefits claim, finding that decedent's death was causally-related to his employment. Upon administrative review, the Workers' Compensation Board affirmed. The carrier appeals.
"[T]he contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201 [3d Dept 2023]). "[W]hether a compensable accident has occurred in the first instance is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of McLaurin v New York City Tr. Auth., 225 AD3d 1105, 1105-1106 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]). Pertinent here, and "[c]onsistent with guidance issued by the Board and its related administrative decisions, a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1067 [internal quotation marks and citations omitted]; see Matter of Pierre v ABF Frgt., 211 AD3d at 1285). To this end, "[d]eclarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury" (Workers' Compensation Law § 118).
Claimant testified that decedent told her that his work required him to assist in burials, including several for COVID-19 victims, and that he was not provided with [*2]a mask or gloves for these tasks. Decedent also told her that a coworker had contracted COVID-19 and that, once decedent became ill, he believed that he "got himself sick at work." According to claimant, she did not work outside the home during the relevant time period and decedent did not participate in any activities outside of the home other than his employment. Claimant further testified that decedent was the first to become sick in their household and, although she ultimately also tested positive for COVID-19, she asserted that her symptoms did not arise until three days after decedent became sick; claimant and decedent isolated in their home and no others in the household showed signs of illness. When decedent's condition worsened, he was hospitalized and medical records submitted by claimant reflect that decedent was COVID-19 positive and suffering from breathing difficulties associated therewith. Decedent ultimately died in the hospital and his death certificate indicates that the immediate cause of death was cardiopulmonary arrest as a consequence of COVID-19. The carrier presented no testimony to contradict claimant's testimony or submissions.[FN1]
In view of the foregoing testimony and medical documentation, which the Board credited as it was entitled to do (see Matter of Guna v Delta Airlines, Inc., 202 AD3d 1190, 1192 [3d Dept 2022]), substantial evidence supports the determination that decedent contracted COVID-19 in the course of his employment and therefore that his death arose out of and in the course thereof (see Matter of Leonard v David's Bridal, Inc., 224 AD3d 1063, 1065-1066 [3d Dept 2024]; compare Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068-1069; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203). That claimant did not establish the precise moment that decedent contracted the illness is of no import, as "[t]he concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, and it is not decisive that a claimant is unable to pinpoint the exact date on which the incident occurred" (Matter of Connolly v Covanta Energy Corp., 172 AD3d 1839, 1841 [3d Dept 2019] [internal quotation marks, ellipsis and citations omitted]; accord Matter of Pierre v ABF Frgt., 211 AD3d at 1285). Moreover, we find that claimant's testimony regarding decedent's exposure to COVID-19 was sufficiently corroborated by the "circumstances [and] other evidence" presented (Workers' Compensation Law § 118; see Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355-1356 [3d Dept 2016], lv denied 28 NY3d 910 [2016]; Matter of Rose v Brickel Assn., 159 AD2d 782, 784 [3d Dept 1990]; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885, 886 [3d Dept 1989]). Accordingly, the Board's determination is affirmed.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: To the extent that the carrier was precluded from presenting certain evidence, those rulings are not challenged.