Matter of Hogan v ABF Frgt. Sys., Inc. (2026 NY Slip Op 00644)

Matter of Hogan v ABF Frgt. Sys., Inc.

2026 NY Slip Op 00644

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-24-1493
[*1]In the Matter of the Claim of Rosemarie Hogan, Claimant,
vABF Freight System, Inc., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Corcoran, J.
Appeal from a decision of the Workers' Compensation Board, filed August 16, 2024, which ruled, among other things, that decedent's death was causally related to his employment and established claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) was a truck driver responsible for picking up and delivering freight. On March 27, 2020, decedent began suffering from a fever and flu-like symptoms and presented to a clinic for a high fever and respiratory distress, whereupon he was transported to a hospital emergency room. On March 28, 2020, decedent tested positive for COVID-19 and was discharged; he was readmitted to the hospital on April 2, 2020 after experiencing a syncopal episode and was found to have myoclonus and presumed anoxic brain injury. On April 3, 2020, decedent died from cardiac arrest due to or as a consequence of respiratory failure and COVID-19. In May 2020, claimant — decedent's widow — filed the instant claim for compensation in a death case. The employer controverted the claim contending, among other things, that decedent did not sustain a compensable accident. Following hearings and depositions, a Workers' Compensation Law Judge (hereinafter the WCLJ) established the claim for a work-related injury involving death and awarded benefits. The employer sought administrative review, and, in an August 2024 panel decision, the Workers' Compensation Board affirmed the decision of the WCLJ establishing the claim.[FN1] The Board found that decedent sustained an accident arising out of and in the course of his employment that resulted in a causally related death based upon the medical evidence of a positive COVID-19 test result as well as credible testimony about the prevalence of COVID-19 in decedent's workplace when he contracted the virus. The employer appeals.[FN2]
We affirm. "The contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Martinez v Domino Foods, Inc., 234 AD3d 1069, 1070 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; accord Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]; Matter of Leonard v David's Bridal, Inc., 224 AD3d 1063, 1064 [3d Dept 2024], lv denied 42 NY3d 913 [2025]; see Matter of Rottkamp v New York Univ., 232 AD3d 1008, 1009 [3d Dept 2024], lv denied 43 NY3d 902 [2025]). "Whether a compensable accident has occurred in the first instance is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Flores v Wellwood Cemetery Assoc., Inc., 232 AD3d 1003, 1003 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). "In this regard, the claimant bears the burden of establishing that the subject injury arose out of and in the course of his or [*2]her employment and, further, must demonstrate, by competent medical evidence, the existence of a causal connection between his or her injury and his or her employment" (Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d 1257, 1258 [3d Dept 2024] [internal quotation marks and citations omitted]; see e.g. Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1067).[FN3] "Consistent with Board guidance and this Court's recent holdings, a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event; for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection" (Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d at 1258-1259 [internal quotation marks and citations omitted]; accord Matter of Angelo v Southwestern Cent. Sch., 242 AD3d 1468, 1469-1470 [3d Dept 2025]). "However, a claimant need not pinpoint the exact date on which the incident, i.e., exposure, occurred" (Matter of Leonard v David's Bridal, Inc., 224 AD3d at 1064 [internal quotation marks and citations omitted]; see Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022]). "As the sole arbiter of witness credibility, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Miller v Transdev Bus on Demand LLC, 231 AD3d at 1259 [internal quotation marks and citations omitted]).
Claimant testified that during March 2020, she and her children did not leave their home for work and that decedent was the only one in her household who went anywhere and interacted with others; when she thereafter went out in public, she wore a facemask, gloves, eyeglasses and shield. Testimony from decedent's coworkers established that in March 2020, claimant regularly and closely interacted with his coworkers at the terminal where he was employed in Brooklyn, that he and his coworkers were not using any protective equipment (including masks) and that the terminal was shut down and sanitized from April 2, 2020 to April 10, 2020 due to at least 12 of decedent's coworkers, like decedent, contracting COVID-19 in late March 2020. Although the medical providers who testified could not offer a conclusive medical opinion as to where decedent contracted COVID-19 so as to establish a causal connection between decedent's contraction of COVID-19 and his employment,[FN4] the testimony credited by the Board regarding prevalence combined with the statutory presumption sufficiently established that decedent contracted COVID-19 at work from a coworker and that his death was the result of, and arose out of, contracting COVID-19 at work (see Matter of Flores v Wellwood Cemetery Assoc., [*3]Inc., 232 AD3d at 1004; Matter of Leonard v David's Bridal, Inc., 224 AD3d at 1066; Matter of Pierre v ABF Frgt., 211 AD3d at 1286; compare Matter of Angelo v Southwestern Cent. Sch., 242 AD3d at 1470-1471; Matter of Rottkamp v New York Univ., 232 AD3d at 1008).
Contrary to the employer's contention, its due process rights were not violated by the Board's purported review of a witness' testimony in another COVID-19 related death benefits claim involving the same employer. Although the WCLJ credited the testimony of one of the employer's witnesses in this matter by comparing that witness' testimony to his prior testimony in the other matter — and then found the testimony to be the same and not biased given the witness' familial relationship with decedent — the Board did not rely on this witness' testimony or any other evidence outside of the record in its decision. In any event, any contention by the employer that its due process rights were violated is specious given that it called this witness and that the employer was also the employer of record in the other death benefits claim (see Matter of Pierre v ABF Frgt., 211 AD3d at 1286; cf. Matter of Kaplan v New York City Tr. Auth., 162 AD3d 1194, 1196 [3d Dept 2018]). To the extent that the employer's remaining contentions have not been rendered academic by our determination, they have been considered and found to be without merit.
Clark, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer also filed a request for further action requesting that claimant produce HIPPA releases. This request was ultimately dismissed by the Board as moot.

Footnote 2: Claimant did not submit a brief on appeal.

Footnote 3: "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, [the subject] employment" (Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068 [internal quotation marks and citations omitted]).

Footnote 4: The Board also found it significant that the employer's consultant, who could not conclude how decedent contracted COVID-19, was not provided with any information regarding the prevalence of COVID-19 at decedent's workplace in March 2020 and could not rule out that decedent contracted COVID-19 while at work.